FILED
2013 Oct-30 PM 12:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| FRANK ROY, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | |
| ATTENTUS HEALTH CARE, INC. ) | JURY DEMAND |
| ) | |
| DEFENDANT ) | |

## COMPLAINT

### I. NATURE OF THIS ACTION

1. Plaintiff brings this action to redress discrimination in employment on the basis of age and retaliation. Specifically, Plaintiff Frank Roy brings this action for injunctive relief, backpay, compensatory damages, punitive damages, liquidated damages and attorneys' fees and costs under the Age Discrimination in Employment Act of 1967 ("ADEA") and Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

### II. JURISDICTION, VENUE, AND CONDITIONS PRECEDENT TO SUIT

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1343, 2201 and 2202. Venue is proper in the Northern District of Alabama

under 28 U.S.C. § 1391(b).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under the ADEA and under Title VII. Plaintiff timely filed his charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff timely filed his lawsuit within 90 days of the receipt of his Right-to-Sue letter from the EEOC.

4. Venue is proper in the Northern District of Alabama pursuant to 28 USC § 1391(b) and (c).

### III. PARTIES

5. Plaintiff, Frank Roy, (hereinafter "Roy") is a male citizen of the United States, over forty (40) years old, and a resident of the State of Alabama.

6. Defendant, Attentus Healthcare, (hereinafter "Defendant"), is an entity subject to suit under the ADEA and Title VII.

### IV. FACTS

7. Plaintiff, a sixty-one (61) year old white male, was hired at Defendant in Maintenance by a man named Terry Pearson on or around March 12, 2010.

8. Mr. Pearson was terminated and filed a lawsuit against Defendant for age and disability discrimination.

9. Initially, Mr. Pearson was replaced with younger people including Eric Walter,

Tonya Shubert, and Randy Woods. When Mr. Woods's employment ended, a man named Anthony Jones replaced him.

10. Mr. Jones made ageist remarks to Plaintiff and to the other maintenance employee Danny Smith, who was sixty-two (62) years old at the time. For example, Mr. Jones would say "you can't teach an old dog new tricks", "you are moving like an old geezer," and other similar age-related comments.

11. Smith was fired and replaced by Tim Bunney, who is forty-four (44) years old, on January 7, 2012.

12. Defendant laid off Plaintiff for an alleged lack of work on October 26, 2012, and Mr. Bunney and Daniel Thomas, who is thirty-three (33) years old, took over Plaintiff's duties.

13. Mr. Thomas was hired on June 1, 2011 and had less seniority and less experience than Plaintiff.

14. Plaintiff was the only person in maintenance with HVAC certification. After Plaintiff's employment ended, both Mr. Thomas and Mr. Bunney performed the HVAC work Plaintiff had done despite the fact that they were not certified to do that work.

15. Defendant selected Plaintiff for lay off as opposed to his younger less qualified co-workers because of Plaintiff's age.

16. In addition, Mr. Jones made racial comments including using the word "nigger" concerning African Americans. Jones talked about how the "niggers" were stealing money, the "niggers" were stealing out the back door, called certain individual African Americans "incompetent nigger" and "worthless nigger" and made many other similar comments about African Americans, including African American employees of Defendant.

17. When Jones made these racial comments around Plaintiff, Plaintiff told Jones he did not appreciate such derogatory references to African Americans and did not want to hear them. Jones told Plaintiff that he could do as he liked because he was the boss. Plaintiff also told Jones that his racial comments about African Americans were discriminatory.

18. After Plaintiff objected to Jones's use of racial slurs at work, Mr. Jones began discriminating against Plaintiff in the terms and conditions of his employment.

19. Plaintiff's objection to Mr. Jones's racial comments also factored into Jones's decision to terminate his employment. Tim Bunney, one of the younger men who took over Plaintiff's job, would also make racial comments at work, including using the word "nigger" to refer to African Americans.

20. Mr. Bunney's non-opposition to Mr. Jones's racial comments is one of the reasons Mr. Jones laid off Plaintiff instead of laying off Bunney.

21. Plaintiff's age was the but-for cause of his termination and his objection to racial discrimination was also a but-for cause in the decision to terminate him.

22. Defendant fired Plaintiff because of his age, and in retaliation for objecting to Mr. Jones's racial comments about African Americans at work.

23. Defendant replaced Plaintiff with one or more younger employees who did not object to discrimination against African Americans.

24. Defendant's articulated reason(s) for terminating Plaintiff are not legitimate reasons for terminating him, and they are a pretext for discrimination and retaliation.

25. Defendant terminated Plaintiff because of his age and in retaliation for Plaintiff's objection to discrimination against African Americans, and Defendant willfully violated the ADEA.

## V.  CAUSE OF ACTION

## COUNT I – AGE DISCRIMINATION UNDER ADEA

26. Plaintiff re-avers and incorporates paragraphs 1-25 above as if fully set forth herein.

27. Plaintiff brings this Count pursuant to the ADEA.

28. Defendant discriminated against Plaintiff on the basis of age by taking adverse employment actions against him which affected the terms and conditions of his

29. But for Plaintiff's age, he would not have been terminated.

30. Defendant has failed to articulate a legitimate, nondiscriminatory reason for the adverse employment actions it took against Plaintiff.

31. Said discrimination was done willfully and intentionally.

## COUNT II – RETALIATION UNDER TITLE VII

32. Plaintiff re-alleges and incorporates by reference paragraphs 1-31 above with the same force and effect as if fully set out in specific detail herein below.

33. Plaintiff brings this Count Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by 42 U.S.C. §1981a.

34. Pursuant to Fed.R.Civ.P. 8 which states that "a party may state as many claims or defenses as it has, regardless of consistency," but without conceding that he may not prevail on two claims each with a "but for" standard of causation, in addition to his age being a "but for" cause in his termination, Plaintiff further states that "but for" his opposition to racial discrimination against African Americans, he would not have been terminated.

35. Plaintiff participated in protected activity by opposing conduct made unlawful under Title VII.


employment, including terminating Plaintiff because of his age.

29. But for Plaintiff's age, he would not have been terminated.

30. Defendant has failed to articulate a legitimate, nondiscriminatory reason for the adverse employment actions it took against Plaintiff.

31. Said discrimination was done willfully and intentionally.

## COUNT II – RETALIATION UNDER TITLE VII

32. Plaintiff re-alleges and incorporates by reference paragraphs 1-31 above with the same force and effect as if fully set out in specific detail herein below.

33. Plaintiff brings this Count Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by 42 U.S.C. §1981a.

34. Pursuant to Fed.R.Civ.P. 8 which states that "a party may state as many claims or defenses as it has, regardless of consistency," but without conceding that he may not prevail on two claims each with a "but for" standard of causation, in addition to his age being a "but for" cause in his termination, Plaintiff further states that "but for" his opposition to racial discrimination against African Americans, he would not have been terminated.

35. Plaintiff participated in protected activity by opposing conduct made unlawful under Title VII.

36. After Plaintiff opposed discrimination as a causal result of such protected acts, Defendant subjected Plaintiff to material adverse actions including terminating his employment.

37. Defendant has failed to articulate a legitimate non-retaliatory reason for taking the above described actions against Plaintiff.

38. Defendant engaged in the retaliatory practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

## VI. DAMAGES

39. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish, and lost wages as a consequence of Defendant's unlawful conduct.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant is violative of the rights of Plaintiff as secured by the ADEA and Title VII as amended by 42 U.S.C. Section 1981a.

2. Grant Plaintiff reinstatement and a permanent injunction enjoining Defendant,

its agents, successors, employees, attorneys and those acting in concert with Defendant, and at Defendant's request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to the ADEA and Title VII.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding him reinstatement in the position and salary level he would have occupied absent discrimination, backpay (including lost overtime compensation), front pay if reinstatement is not possible, lost wages (plus interest), medical expenses, compensatory damages, punitive damages, liquidated damages, post judgment interest, loss of benefits including retirement, pension, seniority and other benefits of employment.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**Plaintiff Demands a Trial by Struck Jury.**

Respectfully submitted,

/s/ *[signature]*

Jon C. Goldfarb asb-5401-f58j
Daniel E. Arciniegas asb-7809-d67a
L. William Smith asb-8660-A61S

                    Sean I. Goldfarb
                    Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS LLC
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESS:**
Lawrence Medical Center
202 Hospital Street
Moulton, AL 35621